IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**TOM DOMINGO,**

    Plaintiff,

v.                                               **CIVIL ACTION NO. 2:18-CV-4
(BAILEY)**

**DEPARTMENT OF THE ARMY, et al.,**

    Defendants.

## ORDER DENYING MOTION TO RECUSE

Pending before this Court is the plaintiff's "Motion to Have Judge Bailey Recuse Himself From Case Due to Bias" [Doc. 28], filed on July 24, 2018. Therein, the plaintiff moves this Court to recuse itself from this matter, and provides a "large amount of evidence of bias given." [Id.]. Because the plaintiff simply presents several instances in which he has disagreed with this Court's rulings, the Court will deny the motion.

Under 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must also disqualify himself if "he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1). "Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality[.]" *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). "[A] reasonable outside observer is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased. There is always some risk of bias: to constitute grounds for disqualification, the probability that a judge will decide a case on a basis other

than the merits must be more than trivial." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (internal citations omitted).

However, a judge need not recuse from a matter because of "unsupported, irrational, or highly tenuous speculation." *Id.*, 162 F.3d at 287. Further, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); see also *In re Beard*, 811 F.2d at 827 ("The nature of the judge's bias must be personal and not judicial."). "On review, the question is whether the judge abused his discretion in denying a recusal motion . . . [a]nd it is not an abuse of discretion if the complaint is *merely based upon the judge's rulings in the instant case*[.]" *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984) (emphasis added).

Additionally, a judge must recuse where the party seeking recusal files a timely affidavit which sufficiently states that the judge has a personal bias or prejudice against the moving party, or in favor of an adverse party. 28 U.S.C. § 144. Such an affidavit must "state the facts and the reasons for the belief that bias or prejudice exists." Id.

The plaintiff appears to allege that this Court is biased against him, and points to several rulings in this case as proof—specifically, the plaintiff appears to argue that this Court is biased against him because:

> (1) it denied him permission to file electronically and by not allowing him to file electronically, he is not able to file "secret to possible [sic] top secret information" that would give his "motion a very strong value of believable information" [Doc. 28, ¶5];
> (2) it denied him permission to serve the defendants by fax, rather than certified mail;
> (3) the Assistant United States Attorney ("AUSA") did not file a Notice of Attorney Appearance or Counsel Contact Form;
> (4) the Court promptly granted the AUSA's motion for an extension of time without awaiting an objection from the plaintiff; and,

2

(5) if the Court does not clarify the Paper Reduction Act he "feel[s] that [he is] part of the act of breaking the law and [his] security clearance of Secret . . . would be in jeopardy of being lost or withdrawn." [Doc. 28, ¶6].

The plaintiff has not specified which statutory provision he believes requires the undersigned to recuse from hearing this matter, however the plaintiff's arguments—focusing upon "evidence of bias" and the need for an affidavit—suggest that the plaintiff is arguing for recusal under 28 U.S.C. § 144 or 28 U.S.C. § 455(b)(1). Regardless of which statutory provision the plaintiff relies upon, however, no grounds for recusal exist. Under both provisions, the proponent must show *personal* bias or prejudice from an extrajudicial source—a disagreement about a ruling or the applicability of a statutory provision is not sufficient to require recusal. *In re Beard*, 811 F.2d at 827 ("The alleged bias must derive from an extrajudicial source . . . [t]he nature of the judge's bias must be personal and not judicial."). If recusal was required each time a party disagreed with the Court's rulings, recusal would become a matter of course. *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011) ("[W]hile recusal motions serve an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor.").

Each of the plaintiff's submitted "evidence of bias" do not show any personal bias or prejudice, or call into question this Court's impartiality. First, the plaintiff indicates that this Court's denial of his unsupported, oral request [Doc. 2] to file electronically is evidence of bias, particularly in light of his desire to submit top-secret information in support of his filings. No reasonable person would interpret the denial of such a bare, unsupported motion, made orally to the Clerk's Office, and in accordance with its local rules, as

evidence of personal bias or prejudice. See *Liteky*, 510 U.S. at 555; *In re Beard*, 811 F.2d at 827. Accordingly, this presents no ground for recusal.

Second, the plaintiff appears to take issue with this Court's denial of his motions for default judgment. The plaintiff's first motion for default judgment was filed on March 30, 2018, and sought the entry of default against the defendants for failure to respond within the sixty-day time period provided by Rule 12(a)(2) of the Federal Rules of Civil Procedure [Doc. 9]. This Court denied the motion on April 4, 2018, because the plaintiff had failed to properly serve the defendants—the plaintiff attempted service by fax, which is not a method of service on the United States or its officers or agents allowed under Rule 4(i)(2) of the Federal Rules of Civil Procedure [Doc. 10]. The Court did, however, allow the plaintiff additional time to correct the defective service.

On May 30, 2018, the plaintiff filed a second motion for default judgment against the defendants for failure to answer [Doc. 18]. The Court denied this motion as untimely, because the defendants still had time to answer the complaint, under the Federal Rules of Civil Procedure [Doc. 19]. The plaintiff appears to disagree with this ruling because it "g[ave] the government 60+90=150 days plus the additional 5 days for mail delivery." [Doc. 28, ¶2]. This calculation, however, ignores that the sixty-day deadline to file an answer does not begin until service is perfected—the plaintiff's original service was defective, and the time period to answer the complaint did not begin until the plaintiff corrected the defective service. The defendants cannot be tasked with the responsibility of responding to a document that the plaintiff had not yet properly served. As before, disagreement with this Court's rulings is insufficient to require recusal. See *Liteky*, 510 U.S. at 555.

Third, the plaintiff states that Assistant United States Attorney Erin Tison failed to file a Notice of Attorney Appearance before filing a motion in the case, and that this form is "the second form listed in the files icon of your home page web site leading me to believe that it is a pretty important form." [Doc. 28, ¶3]. This does not present any ground by which a reasonable person could reasonably infer bias on the part of this Court, particularly because this statement does not allege any conduct by this Court. Accordingly, this presents no ground for recusal.

Fourth, the plaintiff argues that this Court granted the AUSA's motion for extension of time within 24 hours of the request, and thus the plaintiff was not able to respond in opposition. As this Court noted in its recent Order [Doc. 27], the plaintiff was not entitled to file a response to this motion, because the Government filed the motion before the time period expired and showed good cause to grant the extension. This Court makes every effort to rule on motions promptly, so as to ensure efficient case management and prudent use of judicial resources. As before, the plaintiff's disagreement with this Court's ruling does not constitute a showing, or even an inference, of bias.

Finally, it is unclear what the plaintiff alleges in his final allegation, but this Court will still attempt to briefly address the substance of the contention. As this Court previously ruled [Doc. 27], the plaintiff attempts to impose additional requirements upon the Court that the Paperwork Reduction Act applies to *agencies*. 44 U.S.C. § 3502. The United States District Courts are Article III Courts within the judicial branch of the Government, not executive or legislative agencies. Thus, nothing in the Paperwork Reduction Act requires this Court to allow the plaintiff to ignore the Federal Rules of Civil Procedure and perfect service on governmental parties by fax, or to allow the plaintiff to file electronically. This

presents no ground for recusal, as no reasonable person could view this Court's interpretation of the Paperwork Reduction Act as evidence of personal bias or prejudice against the plaintiff, or in favor of the adverse parties.

In sum, recusal is clearly not warranted under either statute. First, no person with knowledge of the relevant facts could reasonably question this Court's impartiality in this matter, nor has the plaintiff alleged any form of personal bias or prejudice from an extrajudicial source. *In re Beard*, 811 F.2d at 827. Rather, the plaintiff disagrees with the law, and this Court's rulings based upon the law. Second, the plaintiff's affidavit is insufficient to support recusal because it does not contain any allegation of personal bias or prejudice from an extrajudicial source. *Sine v. Local No. 992 Int'l Brotherhood of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989). Although the plaintiff asserts that he has presented a "large amount of evidence of bias," his motion simply contains a list of instances in which he disagreed with the Court's rulings or the law. Further, the plaintiff's affidavit only contains a certification of his motion, and does not contain any allegations of personal prejudice or bias [Doc. 28-1]. The affidavit fails to show facts that demonstrate that the undersigned has a personal bias against him or in favor of the adverse party based on an extrajudicial source, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

Accordingly, the plaintiff's "Motion to Have Judge Bailey Recuse Himself From Case Due to Bias" **[Doc. 28]** is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein

and to the *pro se* plaintiff.

**DATED**: August __8__, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE